**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4870

TONI M. HODGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-98-128)

Submitted: April 27, 1999

Decided: May 25, 1999

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Susan
M. Arnold, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

After pleading guilty to embezzlement, in violation of 18 U.S.C.A. § 656 (West Supp. 1999), Toni Marena Hodge was sentenced to eight months' imprisonment, followed by five years' supervised release, and ordered to pay $47,704.84 in restitution. On appeal, Hodge contends that the district court failed to make sufficient findings of fact regarding her ability to pay restitution in the manner ordered. Finding no error, we affirm.

Toni Marena Hodge entered a guilty plea pursuant to a written plea agreement to embezzling $47,704.84 while she was employed with Matewan National Bank.* When accepting Hodge's plea, the district court complied with Fed. R. Crim. P. 11. The court also informed Hodge that as part of her plea agreement she would be ordered to pay restitution, and explained that Hodge waived her right to appeal the court's restitution order. At the conclusion of the plea hearing, the court found that Hodge entered her plea knowingly and voluntarily and that a factual basis supported the plea.

After adopting the findings of the presentence report and its addendum, the court sentenced Hodge to an eight month term of imprisonment to be followed by five years of supervised release. The court did not impose a fine because of Hodge's lack of resources and likely inability to pay a fine in the future. However, the court ordered Hodge to pay restitution to Matewan National Bank after her release from prison in sixty equal monthly installments of $795.08 pursuant to the Victim and Witness Protection Act of 1982 (VWPA), as amended, 18 U.S.C.A. §§ 3663-3664 (West 1994 & Supp. 1999). In reaching its decision the court stated that Hodge had a "history of gainful employment;" "ha[d] the ability to perform well in a job environment;" and thus, "ha[d] the ability to obtain gainful employment and to pay the money back in this fashion." Defense counsel objected to the court's payment schedule contending that Hodge would not have the ability to pay $795.08 per month. Thereafter, the court reiterated its belief

_____

*Matewan National Bank is a federally insured institution headquartered in Williamson, West Virginia.

2

that Hodge had the ability to follow this payment schedule and entered its order. Hodge now appeals, contending that the district court erred when it ordered her to pay $795.08 per month in restitution because it failed to make the requisite findings of fact regarding her ability to make these monthly payments. See 18 U.S.C.A. § 3663(f)(2)(A), (B), (C) (West Supp. 1999).

We find that Hodge waived her right to contest the validity of the restitution payment schedule. A knowing and intelligent waiver of the right to appeal is generally valid. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). Certain exceptions apply, such as where the defendant's sentence exceeds the statutory maximum or where the sentence is based on a constitutionally impermissible factor such as race. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Because Hodge does not challenge the legality of the restitution order, but rather how it will be implemented, we hold that the court's restitution order does not fall outside the scope of Hodge's waiver. Thus, she is precluded from raising this issue on appeal. See id.; United States v. Wiggins, 905 F.2d 51, 52-53 (4th Cir. 1990).

Accordingly, we affirm Hodge's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3